JOHN W. HOOD & CO. v. BOARD OF SCHOOL DIRECTORS OF
TANGIPAHOA PARISH et al.

(District Court, E. D. Louisiana.   January 20, 1914.)

No. 14,756.

1. MECHANICS' LIENS (§ 245*)—SCHOOL BUILDINGS—CONTRACTORS' CLAIMS—
   SETTLEMENT—RIGHT TO SUE.

   Act La. No. 167 of 1912 provides that any person erecting a building in
   the rural districts, the price of which is over $1,000 and less than $100,000,
   must require a bond of the contractor, and if any person having a claim
   growing out of the building, shall file a statement with the owner, and if,
   45 days after completion, such claims remain unpaid, the claimant shall
   file a petition in a court of competent jurisdiction, setting up his claim
   against the bond, and citing other claimants of the contractor and his
   surety to intervene and settle their claims. Held, that where claims were
   filed against a contractor for a school building who also has a claim
   against the school board for the balance due under his contract, it was
   the duty of the board to take steps under the act to settle the claims, and,
   it not having done so, the contractor was entitled to sue for similar re-
   lief.

   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 427–
   430;  Dec. Dig. § 245.*]

2. COURTS (§ 489*)—FEDERAL COURTS—CONCURRENT JURISDICTION.

   A federal court has concurrent jurisdiction with the state courts of a
   proceeding by an owner or contractor to settle claims arising out of a
   building contract as provided by Act La. No. 167 of 1912, where the pro-
   ceeding involves the requisite amount and diversity of citizenship is shown.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1324–1330, 1333–
   1341, 1372–1374;  Dec. Dig. § 489.*]

3. COURTS (§ 328*) — FEDERAL COURTS — JURISDICTION — AMOUNT IN CONTRO-
   VERSY.

   Where, in a suit by a contractor for a school building to settle liens and
   recover a balance due under the contract as authorized by Act La. No. 167
   of 1912, the contractor's bond given to the school board to perform its con-
   tract was more than $3,000 and the claims against it also were more than
   such sum, the total amount of claims filed against the bond might be prop-
   erly considered as the matter in controversy for the purpose of establish-
   ing federal jurisdiction;  the proceeding being one in equity to prevent a
   multiplicity of suits.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896;  Dec. Dig.
   § 328.*]

4. COURTS (§ 307*)—FEDERAL COURTS—PARTIES—DIVERSITY OF CITIZENSHIP.

   Complainants, members of a partnership and citizens of states other
   than Louisiana, brought suit against the board of school directors of a
   Louisiana parish and the surety on their bond, a New York corporation,
   to settle liens and claims filed and to recover an alleged balance due on a
   contract for the construction of a school building in Louisiana as author-
   ized by Act La. No. 167 of 1912. Held, that since the plaintiffs, contrac-
   tors, and their surety, were properly on one side and the school board and
   the various claimants against the bond on the other, the parties, as so
   grouped, disclosed the requisite diversity of citizenship to sustain federal
   jurisdiction.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 850–854;  Dec. Dig.
   § 307.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs..1907 to date, & Rep'r Indexes

In Equity. Bill by John W. Hood & Co. against the Board of School Directors of Tangipahoa Parish and others. On motion to dismiss. Denied.

Mize & Mize, of Gulfport, Miss., for plaintiffs.

W. H. McClendon, Dist. Atty., of Amite, La., R. G. Pleasant, Atty. Gen., and Daniel Wendling, of New Orleans, La., for School Board.

Grant & Grant, of New Orleans, La., for National Surety Co.

Robt. H. Marr, Lyle Saxon, Thilborger & Duffy, and Pierre D. Olivier, all of New Orleans, La., for various claimants.

FOSTER, District Judge.   On September 18, 1913, John W. Hood, a citizen of Mississippi, and Martin W. Sansbury, a citizen of Arkansas, members of a copartnership styled John W. Hood & Co., filed their bill against the board of school directors of Tangipahoa parish, a Louisiana corporation.

The bill sets up substantially that the complainants entered into a contract with the school board for the erection of a school building for the sum of $16,520 and gave bond for the faithful performance of the contract in the sum of $8,360 with the National Surety Company, a New York corporation, as surety; that the building had been completed and was formally accepted on April 17, 1913; that there was a balance due them on the contract of $2,380.24, but that the school board refuses to make payment of same because various parties have served it with notice of claims against complainants amounting to $3,457.19; that it is necessary for the best interests of all concerned that the school board deposit the balance of the contract price and the bond in the registry of this court in order that all parties may interplead and their respective rights be determined with regard to the same. The bill then sets out the names of the various claimants, and prays that the school board be ordered to account for the balance of the contract price and to deposit it and the bond in the registry of the court, and that all of said claimants be ordered to appear and assert their respective claims.

The school board has filed a motion to dismiss the bill on the following grounds: First, that the court is without jurisdiction, ratione materiæ, because the amount in dispute is the balance due on the contract, $2,380.24; second, that the petitioners are without interest to bring the suit because the owner of the building, to wit, the school board, is the only person authorized to bring such a proceeding under the law of Louisiana; third, that the petition is too vague and indefinite to enable defendant to properly answer. In addition to these grounds, it was suggested in argument that the bill does not show the requisite diversity of citizenship, as the school board and all the material men who have filed claims are citizens of the state of Louisiana.

[1, 2] It will be noted that by the law of Louisiana (Act 167 of 1912) any person erecting a building in the rural districts, the contract price of which is over $1,000 and less than $100,000, must require of the contractor a bond, with good and sufficient surety, for not less than one-half of the contract price. Any person having a claim against the contractor growing out of the building is required to file a sworn

statement with the owner, and at the expiration of 45 days after the completion of the work, if any such claims have been filed and remain unpaid, the owner must file a petition in a court of competent jurisdiction, setting up his own claim against the bond, if he has one, and citing the other claimants and the contractor and his surety to come in and settle their claims in concurso. Of course, this court would have concurrent jurisdiction with the state courts of such a proceeding if the requisite amount and diversity of citizenship were shown.

Under the state of facts disclosed by the bill it was the duty of the school board to have taken the steps required by law long before the bill was filed. It has not done so, and, as plaintiffs had the right to compel the school board to perform its legal duty, there can be no objection to the procedure taken herein, as it will have the same effect exactly as if brought by the school board in the first instance.

[3] It is true that in this proceeding the plaintiffs can recover the sum of $2,380.24 at most, but that does not necessarily fix the amount in controversy. The bond is for more than $3,000 and the claims filed against it are for more than $3,000. There are many cases holding that separate and distinct demands cannot be joined for convenience to make up the jurisdictional amount; but, while the claims here are separate, they are all necessarily against the bond and pending the concursus proceeding could not be litigated in separate suits. The proceeding is one to prevent a multiplicity of suits. It is for that reason cognizable in equity, and the total amount of the claims filed against the bond may be properly considered the matter in controversy. I am therefore of the opinion that the necessary jurisdictional amount exists.

[4] With regard to the parties, the plaintiffs and the National Surety Company are properly on one side, and on the other side are the school board and the various parties who have filed claims against the bond. As thus grouped, diversity of citizenship exists, as there could be no question of personal liability as between the school board and the material men in this proceeding.

With regard to the third ground urged, while the bill is inartificially drawn, it substantially sets up the averments necessary to plaintiffs' case and is not demurrable on the ground of vagueness.

The motion to dismiss will be denied.